# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOEL L. BROWN, et al.** | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:18-155 |
| v. | : | (MANNION, D.J.)<br>(ARBUCKLE, M.J.) |
| **WAYNE COUNTY PENNSYLVANIA, et al.** | : | |
| | : | |
| Defendants | : | |
| | : | |

## ORDER

Presently before the court is report and recommendation ("Report") of Magistrate Judge William I. Arbuckle, (Doc. 66), which recommends that (1) the motion to dismiss, (Doc. 41), filed by defendants Wayne County, Wayne County Sheriff's Department, Sergeant Patricia Krempasky, Wayne County District Attorney's Office, Wayne County Public Defender's Office, Wayne County Correctional Facility, Warden Kevin Bishop, and Lieutenant Justin Rivardo, (collectively, "Wayne Defendants"), be granted; (2) the two motions to dismiss, (Doc. 44; Doc. 49), filed by defendants the Pennsylvania Department of Corrections ("DOC"), the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), Michael Jezercak, Sharon Palmer, Troop R Honesdale Station, Troop N Swiftwater Station, Troop N Fern Ridge Station, Robert Yeager, Michael Brown, Thomas O'Brien, and Joseph Diehl,

(collectively, "DOC Defendants"), be granted; (3) the claims against the remaining defendants, Monroe County, Days Inn Tannersville Hotel, Camilo Jacer, and Brodheadsville Post Office of Monroe County, be dismissed pursuant to 28 U.S.C. §1915A; and (4) Brown's motion regarding service of documents under Rule 5(c)(1)(A), (Doc. 52), be denied. The plaintiff Noel Brown ("Brown") filed objections to the Report. (Doc. 67).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every

report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

Brown, an inmate currently incarcerated at the State Correctional Institution at Somerset, initiated this action on January 11, 2018, alleging various constitutional violations by Defendants during his arrest, trial, and time in prison. (Doc. 2).[1] Brown additionally brings a claim against Brodheadsville Post Office of Monroe County, alleging that it intentionally made changes to his mail box.

On July 19, 2019, Wayne Defendants filed their motion to dismiss, (Doc. 41), as well as a brief in support, (Doc. 42), arguing that Brown's claims are frivolous and fail as a matter of law. With the court's permission, Brown filed a brief in opposition on October 30, 2019. (Doc. 65).

On July 24, 2019, the DOC and SCI-Camp Hill filed a motion to dismiss, (Doc. 44), and on August 1, 2019, the remaining DOC Defendants filed a motion to dismiss, (Doc. 49). DOC Defendants filed a brief in support

---

[1] This action was initially brought by Brown and four other plaintiffs; however, the court terminated the four other plaintiffs by orders dated July 10, 2019, and August 14, 2019, for failure to abide by Judge Arbuckle's orders requiring them to either pay the mandatory filing fee or to file a motion for leave to proceed *in forma pauperis*. (Doc. 38; Doc. 58).

of both motions on August 7, 2019, asserting that all claims against them should be dismissed because they, *inter alia*, are insufficiently pled, fail as a matter of law, and because Brown failed to comply with the Federal Rules of Civil Procedure. (Doc. 55). On August 19, 2019, Brown filed a brief in opposition. (Doc. 60).

On August 5, 2019, Brown filed a "motion regarding service of documents" pursuant to Federal Rule of Civil Procedure 5(c)(1)(A).[2] (Doc. 52). That same day, Brown also filed a brief in support of the motion, (Doc. 53), attached to which was a "brief in support of motion to make pleading more specific," (Doc. 53-1).[3]

In his Report, Judge Arbuckle recommends that Wayne Defendants' motion to dismiss be granted; DOC Defendants' two motions to dismiss be granted; Brown's claims against Monroe County, Days Inn Tannersville Hotel and its manager Camilo Jacer, and Brodheadsville Post Office be dismissed pursuant to 28 U.S.C. §1915A, which requires a court to screen and dismiss

---

[2] In pertinent part, this rule states that, "[i]f an action involves an unusually large number of defendants," a court may, on motion or on its own, order that the "defendants' pleadings and replies to them need not be served on other defendants." Fed.R.Civ.P. 5(c)(1)(A). No defendant in this action has filed a motion pursuant to this rule.

[3] Significantly, there is no corresponding "motion to make a pleading more specific" pending on the docket.

prisoner complaints that, *inter alia*, fail to state a claim upon which relief may be granted; and that Brown be granted leave to file an amended complaint since the complaint's deficiencies may be cured by amendment. Finally, Judge Arbuckle recommends that Brown's motion regarding service be denied because it is unclear what relief Brown is seeking.

Brown has filed objections to Judge Arbuckle's report. However, Brown's objections do nothing more than repeat the same claims raised in the complaint or express his personal disagreement with applicable law. The court has conducted a thorough review of all pertinent filings and finds the Report of Judge Arbuckle to be well-reasoned and well-supported. As such, the court will adopt the report in its entirety as the decision of the court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

(1) Judge Arbuckle's Report, (Doc. 66), is **ADOPTED IN ITS ENTIRETY**;

(2) Brown's objections to the Report, (Doc. 67), are **OVERRULED**;

(3) Wayne Defendants' motion to dismiss, (Doc. 41), is **GRANTED**;

(4) DOC Defendants' motions to dismiss, (Doc. 44; Doc. 49), are **GRANTED**;

**(5)** Brown's claims against defendants Monroe County, Days Inn Tannersville Hotel, Camilo Jacer, and Brodheadsville Post Office are **DISMISSED**;

**(6)** Brown's motion regarding service of documents under Rule 5(c)(1)(A), (Doc. 52), is **DENIED.**

**(7)** Brown is **GRANTED** thirty (30) days from the date of this order to file an amended complaint; and

**(8)** This case is **REMANDED** to Judge Arbuckle for further proceedings.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 21, 2020**
18-155-03