IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL BROWN, ET. AL., | ) | |
| Plaintiff | ) | No. 3:18-cv-00155-MEM-WIA |
| V. | ) | ( Mannion, J.) |
| WAYNE COUNTY, ET. AL | ) | ( Arbuckle, M.J.) |
| Defendants | ) | ( PROPOSED SUPPLEMENT) |

FILED SCRANTON MAY 15 2020 PER _____ DEPUTY CLERK

## SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANTS MOTION (ECF No.70 & 71)

### PROCEDURAL HISTORY:

On March 11, 2020. Wayne County defendants filed motion to dismiss. However defendants intentionally failed to make service upon plaintiff.

Later on the same day, the District Court issued an Order directing plaintiff to file a brief in opposition on or before March 26, 2020. On March 20, 2020. Plaintiff despite not having been served copies of the defendants motion and brief, filed in opposition (Doc. 73) to avoid being time-barred. Then on April 13, 2020. Plaintiff filed motion and brief for expansion of time, due to the COVID 19 out-brake. On April 21, 2020. Plaintiff filed request to offer evidence of Wayne County defendants affidavits submitted in bad faith.

On April 23, 2020. The court Ordered for plaintiff specific reasons as to why a supplement brief is necessary in a motion to supplement briefg in opposition, on or before May 20, 2020. Along with plaintiff proposed supplement brief to plaintiff brief in opposition (Doc.73).

### FACTS:

Within the plaintiffs complaint, plaintiff has already shown that he is a member of a racial group capable of being singled out for differential treatment. See. BUCK V. HAMPTON TWP. SCH DIST. citing A court may consider matters incorporated by reference or integral to the claims, items subject to judicial notice, matters of public records, orders and items appearing in the records of the case.

Plaintiff has made an Equal Protection Claim, in which plaintiff was tried in violation of Constitutional provisions guaranteeing an impartial jury and a jury composed of persons representing a fair cross section of the community, causing injury to plaintiff by execution of administrative officers, policy or customs.

Plaintiff case has facial plausibility when plaintiff pleas factual contents. Jury selection and service Act of 1968 prohibits exclusion of black citizens from the venire summons process implies that the government, whether legislative or judicial branch of state municipals branch, has made the general determination that those excluded are unfit to try any case.

UNITED STATES V. LESLIE, in part; To suggest that a particular race is unfit to judge in any case necessarily is racially insulting, to suggest that each race may have its own special concerns, or even may tend to favor its own, is not.

Plaintiff allege more than a mere causal connection between the state, city, county supervisors directions through its administrative officers violation, or in other words proximate causation, which plaintiff has establish where in plaintiff amended complaint of supervisors giving directions they know or should know their orders would cause the deprive of plaintiff rights. As in WINSTON V. LEE. The supreme court held that the warrantless non-consensual extraction of a bullet from the body of a suspect was an unreasonable seizure in violation of the Fourth Amendment.

Congress did not intend to hold municipalities liable under Section 1983. See, MONELL V. DEPT OF SOC. SERVS. Unless "Actions pursuant to official municipal policy of some nature caused a Constitutional TORT."

STATEMENT OF QUESTIONS INVOLVED:

Has plaintiff establish that a constitutional protected right has been violated, wherein officials racial discrimination exclude/deny to blacks the same rights and opportunity to participate in the administration of justice enjoyed by the white population in the Wayne County Courthouse?

SUGGESTED ANSWER: YES

Is a violation of the equal protection clause of the Fourth Amendment by a single invidiously discriminatory governmental act immunized by the absence of such discrimination in the making of other comparable decisions?

SUGGESTED ANSWER: NO

Was the plaintiff injury thruout the incident stemming from the arrest without a warrant in the county of Monroe, on June 30, 2016. Wherein two or more administrative officers in effecting prohibited disguise on the highway, conspire for the purpose of depriving, either directly or indirectly plaintiff of the equal protection of the laws, or equal privileges and immunities under the law, or for the purpose of preventing/hindering the constituted authorities of any territory from giving/securing to all persons within such state or territory the equal protections of the law?

SUGGESTED ANSWER: YES

Was depriving plaintiff of his rights or privileges by administrative and municipals officers of Wayne County Pennsylvania a deliberate indifference to the rights of its citizens?

SUGGESTED ANSWER: YES

ARGUMENT:

Unlike in the case of ERDREICH V. CITY OF PHILADELPHIA. Citing MONELL. In Erdreich, establish the first prong of the monell test, none the less his claim fail the second prong.

Plaintiff MR. NOEL L. BROWN, plead that his constitutional rights were violated, as result of the Wayne County Pennsylvania policy, custom, and deliberate indifference to plaintiff rights, by compromising the representative quality of the jury, discriminatory selection procedures make "Juries ready weapons for officials to oppress those accused individuals who by chance are numbered among unpopular or inarticulate minorities." GLASSER V. UNITED STATES.

The plaintiff repeats, reiterates and realleges each and every cause of action that the officers who responded to the 06/30/2016 incident in the County of Monroe. "Forced compliance to their will while acting under the color of law and in accordance with police policy."

Plaintiff identify in his complaint, county policy makers and describe declarations that is responsible for the cause of action deprivation of plaintiff Constitutional Rights.

WRIGHT V. CITY OF PHILADELPHIA: A custom is evidenced by a policy makers "acquiescence in a long standing practice, or custom which constitutes the standard operating procedures of the local government entity."

Plaintiff citing Section 9131 Pennsylvania Criminal Rules #518,519 Judiciary/Judicial Procedure; "No persons arrested with or without a warrant shall be delivered over to the agent authority demanding him. Unless he shall first be taken forth with before a judge of a court of record in the Commonwealth County in which the arrest is made."

Plaintiffs claims within his complaint is plausible, and well pleaded, pleadings contains factual allegations sufficient to raise a "right to relief above the speculative level" JACKSON V. NYS DEPT OF LABOR.

A CLAIM IS PLAUSIBLE IF THE WELL PLEADED FACTUAL ALLEGATIONS OF THE COMPLAINT, PRESUMED TRUE, PERMIT THE COURT TO "draw the reasonable inference that the defendants is liable for the misconduct alleged". ASHCROFT V. IQBAL.

Plaintiff proceeds Pro Se, in this case, the court is obliged to construe plaintiff pleadings liberally, particularly, as plaintiff alleges Civil Rights Violations. In particularly deliberate indifference to the rights of its citizens. MCEACHIN V. MCGUINNIS.

Plaintiff has alleged specific facts indicating his arrest in the County of Monre, on June 30th 2016. That the police officers involved treated plaintiff differently because of racial bias, and because of said bias, that plaintiff was treated differently than other similarly situated parties.

Plaintiff has pleaded a prima facie violation of his free exercise of religion. That plaintiff incarceration at the Wayne County Correctional Facility, substantially burdened plaintiff sincerely held religious beliefs. Plaintiff was forced to choose between starving or observing his commitment to veganism.

The personal involvement of the Wayne County defendants in plaintiffs complaint, is a prerequisite to an awardof damages under section 1983. COLON V. COUGHLIN.

The fact that the County had prior knowledge of the plaintiffs constitutional deprivations before and during the plaintiffs trial, suggest a prerequiste to an award of punitive damages under section 1983.

Under Title VII of the Civil Rights Act of 1964. Decisions under the above title also recognize that a person claiming that he has been the victim of intentional discrimination may make out a prima facie case by relying solely on the facts concerning the alleged discrimination against him. See, BUCK V. HAMPTON TWP. SCH DIST. Citing affornentioned argument.

CONCLUSION:

WHEREFORE, Plaintiff strongly respectfully request that for the above and affornenticned (Doc.73) Brief in opposition, that defendants motion to dismiss be DENIED, and plaintiff demands a Jury Trial.

Truly Yours,

[signature]

MIDDLE DISTRICT PENNSYLVANIA

NOEL BROWN, ET. AL.,
    Plaintiff

V.

                                No. 3:18-CV-00155-MEM-WIA

WAYNE COUNTY, ET. AL.,
    Defendants

CERTIFICATE OF SERVICE

I hereby certify that, on this date, I served the counsel for defendants listed below with a copy of this document at the following address:

Gerard J. Geiger, ESQ
LAW OFFICES
712 Monroe Street
PO BOX 511
Stroudsburg, PA 18360

Alexander T. Korn
Deputy Attorney General
Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120

Yours Truly,

Smart Communications/PADOC
SCI- SOMERSET
Name NOEL BROWN
Number MW0387
PO Box 33028
St Petersburg FL 33733

TO: UNITED STATES DISTRICT COURT
235 NORTH WASHINGTON AVE
PO BOX 1148
SCRANTON, PA 18501

PA Department of Corrections
INMATE MAIL

U.S. POSTAGE >> PITNEY BOWES
$ 000.95⁰
ZIP 15510
02 1W
0001397502 MAY. 12 2020

RECEIVED
SCRANTON
MAY 15 2020
PER _____ DEPUTY CLERK