**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOEL L. BROWN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:18-155** |
| **v.** | : | **(MANNION, D.J.)** |
| **WAYNE COUNTY PENNSYLVANIA, et al.** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

Presently before the court are two report and recommendations ("Reports") of Magistrate Judge William I. Arbuckle. (Doc. 87; Doc. 88). The First Report, (Doc. 87), recommends that a motion to dismiss the case as frivolous, (Doc. 70), filed by the defendants Wayne County, Wayne County Sheriff's Department, Sergeant Patricia Krempasky, Wayne County District Attorney's Office, Wayne County Public Defender's Office, Wayne County Correctional Facility, Warden Kevin Bishop, and Lieutenant Justin Rivardo, (collectively, "Wayne Defendants"), be granted.

The Second Report, (Doc. 88), recommends that the plaintiff Noel Brown's ("Brown") claims in his Amended Complaint, (Doc. 69), against defendants the Pennsylvania Department of Corrections ("DOC"), Monroe County, the State Correctional Institution at Camp Hill ("SCI-Camp Hill"),

Michael Jezercak, Sharon Palmer, PSP Honesdale Barracks, PSP Swiftwater Barracks, PSP Fern Ridge Barracks, Robert Yeager, Michael Brown, Thomas O'Brien, and Trooper Joseph Diehl, (collectively, "DOC Defendants"), as well as the claims against Monroe County, the Days Inn Tannersville Hotel, Camilo Jacer, and the Brodheadsville Post Office of Monroe County, be dismissed. It additionally recommends that the court decline to retain jurisdiction over the remaining state law claims against the Days Inn Tannersville, Jacer, and Monroe County.

Plaintiff filed objections to the Second Report. (Doc. 89). Wayne Defendants filed a brief in opposition to Plaintiff's objections. (Doc. 90). Plaintiff responded with a motion to strike Wayne Defendant's brief in opposition, (Doc. 91), as well as brief in support, (Doc. 92). Wayne Defendants filed a brief in opposition. (Doc. 93). Plaintiff did not file a reply brief and the time to do so has expired.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *U.S. v. Raddatz*, 447 U.S. 667, 676 (1980)).

Even where no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b) advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.31.

In his First Report, Judge Arbuckle recommends that Wayne Defendants' motion to dismiss once again be granted. He notes that Plaintiff's Amended Complaint reiterates the same claims against the same twenty-three defendants that were previously dismissed for failure to state a claim. (Doc. 66; Doc. 68). Despite being granted an opportunity to cure the deficiencies identified in his original complaint, Plaintiffs has failed to do so. Applying the relevant law, the First Report concludes Plaintiff's Section 1983 claims against Wayne Defendants fail due to lack of personal involvement,

and those against individual defendants fail under *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, Plaintiff's defamation-type claims fail because they are devoid of any supporting facts; his excessive force claim against Rivardo fails for lack of an allegation of force; and his claims against Bishop are not legally cognizable. Finally, the First Report recommends that Plaintiff's claims against Wayne County fail because he does not allege that a policy or custom caused the violations of his constitutional rights. Thus, the First Report recommends Wayne Defendants' motion to dismiss, (Doc. 70), be granted.

In his Second Report, after conducting a preliminary review of Plaintiff's Amendment Complaint, Judge Arbuckle again recommends dismissal of Plaintiff's claims against DOC Defendants pursuant to 28 U.S.C. §1915A, this time, without further leave to amend. The Second Report recommends that Plaintiff's Section 1983 claims against the DOC, SCI Camp Hill, PSP Fern Ridge Barracks, PSP Honesdale Barracks, and PSP Swiftwater Barracks be dismissed as those entities are not persons subject to liability under Section 1983. Additionally, it recommends Plaintiff's Fourth Amendment claims on behalf of his business against Palmer, Brown, Jezercak, and Yeager be dismissed since corporations such as his must be represented by licensed counsel, and that his allegation that those

defendants be charged with kidnapping likewise be dismissed since a Section 1983 claim is not the appropriate vehicle for pursuing criminal charges. The Second Report further recommends that the Fourth Amendment claims against O'Brien and Diehl be dismissed because Plaintiff does not allege any facts regarding a lack of probable cause. Next, the Second Report recommends that Plaintiff's *Monell* claims against Monroe County be dismissed since, as with Wayne County, he does not allege that a policy or custom caused the violations of his constitutional rights. Finally, the Second Report recommends that Plaintiff's claims against the Broadheadsville Post Office be dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure for failure to articulate any legal claim. With respect to the state law harassment and defamation-type claims Plaintiff alleges against Jacer, the Days Inn Tannersville, and Monroe County, the Second Report recommends they be dismissed without prejudice since, if the Reports are adopted, all federal claims will have been dismissed and retaining supplemental jurisdiction is not appropriate here.

Ultimately, the Reports recommend that the court decline to grant further leave to amend since to do so would be inequitable and futile insofar as Plaintiff has already been permitted to file an amended complaint but used that opportunity to file virtually the same complaint.

As before, Defendant has filed objections to the Second Report; however, his objections once again do nothing more than repeat the same incoherent claims from his Complaint and Amended Complaint or express his disagreement with the Reports' recitation of the facts alleged in them and/or his fundamental misunderstanding of the legal principles he cites. The court has conducted a thorough review of all the pertinent filings and finds the Reports of Judge Arbuckle to be well-reasoned and well-supported. Accordingly, the court will adopt both Reports in their entirety as the decision of the court.

Finally, the court will deny Plaintiff's motion to strike Wayne Defendants' brief in opposition to his objections since Plaintiff's motion is meritless and fails to set forth any valid reason to strike Wayne Defendant's brief. Instead, Plaintiff's motion does nothing more than express his dislike of, and disagreement with, the brief in opposition, which is not an appropriate basis for a motion to strike.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** Judge Arbuckle's First and Second Report, (Doc. 87; Doc. 88), are **ADOPTED IN THEIR ENTIRETY**;

**(2)** Plaintiff's objections to the Second Report, (Doc. 89), are **OVERRULED**;

**(3)** Wayne Defendants' motion to dismiss, (Doc. 70), is **GRANTED** and the claims against them are **DISMISSED with prejudice**;

**(4)** Plaintiff's federal claims against all other defendants are **DISMISSED with prejudice**;

**(5)** The court declines to retain supplemental jurisdiction over Plaintiff's remaining state law claims and those claims are **DISMISSED without prejudice**;

**(6)** Plaintiff's motion to strike Wayne Defendant's brief in opposition, (Doc. 90), is **DENIED**; and

**(7)** The Clerk of Court is directed to **CLOSE THIS CASE**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 15, 2021**
18-155-04