# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOEL L. BROWN, et al. | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:18-155 |
| v. | : | (MANNION, D.J.) |
| | | (ARBUCKLE, M.J.) |
| WAYNE COUNTY PENNSYLVANIA, et al. | : | |
| | : | |
| Defendants | : | |
| | : | |

## ORDER

Presently before the court is the plaintiff Noel L. Brown's Motion to Set Aside Judgment, (Doc. 95), and Motion to Reinstate Action, (Doc. 97).

By way of relevant background, this court on March 15, 2021 adopted Magistrate Judge William I. Arbuckle's report and recommendation, (Doc. 87), to dismiss plaintiff's Amended Complaint, (Doc. 69), as frivolous with respect to defendants Wayne County, Wayne County Sheriff's Department, Sergeant Patricia Krempasky, Wayne County District Attorney's Office, Wayne County Public Defender's Office, Wayne County Correctional Facility, Warden Kevin Bishop, and Lieutenant Justin Rivardo. The same day, this court adopted Magistrate Judge Arbuckle's report and recommendation, (Doc. 88), that the plaintiff's claims in his Amended Complaint, (Doc. 69), be dismissed against defendants the Pennsylvania

Department of Corrections, Monroe County, the State Correctional Institution at Camp Hill, Michael Jezercak, Sharon Palmer, PSP Honesdale Barracks, PSP Swiftwater Barracks, PSP Fern Ridge Barracks, Robert Yeager, Michael Brown, Thomas O'Brien, Trooper Joseph Diehl, Monroe County, the Days Inn Tannersville Hotel, Camilo Jacer, and the Brodheadsville Post Office of Monroe County.

On March 24, 2021, plaintiff filed a motion to set aside judgment, (Doc. 95), and a "Declaration" in support of the motion, (Doc. 96). Plaintiff also filed his Motion to Reinstate Action, (Doc. 97), and brief in support of the motion, (Doc. 98).

Plaintiff's motions to set aside judgment and reinstate action seek relief pursuant to the Federal Rule of Civil Procedure Rule 60.[1] Under Fed. R. Civ. P. 60(b), a motion to set aside judgment or reinstate action may be granted where there is:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the

---

[1] The plaintiff also appears to seek reinstatement of his action pursuant to 28 U.S.C. §1655, a federal lien enforcement statute. He does not indicate how §1655 is relevant to his motion to reinstate action. The court also does not find that the statute has bearing on the plaintiff's motion.

>judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b). A party seeking reinstatement of an action "bears the burden of proof to establish good cause why the matter should be reinstated." See *Scott v. Trumark Financial Credit Union*, No. 17-2020, 2018 WL 125177, at *2 (E.D.Pa. Mar. 12, 2018) (*citing Clark v. City of Phila.*, No. 14-5930, 2016 WL 1449240, at *2 (E.D. Pa. Apr. 13, 2016); *Wyndmoor Learning Ctr., Inc. v. City of Wilmington*, No. 93-4217, 1996 WL 117471, at *7 (E.D. Pa. Mar. 12, 1996)).

Furthermore, Rule 60 "does not confer upon the district courts a standardless residual of discretionary power to set aside judgments." *Moolenaar v. Gov. of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citations omitted). Rather, it is settled that relief under Rule 60 is "extraordinary and may be granted only upon a showing of exceptional circumstances." *United States Steel Corp. v. Fraternal Assoc. of Steel Haulers,* 601 F.2d 1269, 1274 (3d Cir.1979) (*citing Mayberry v. Maroney*, 529 F.2d 332, 337 (3d Cir. 1976)) (internal quotations omitted).

Plaintiff's filings provide no legitimate basis for relief as he has not stated any coherent basis upon which relief should be granted pursuant to

Fed. R. Civ. P. 60. The arguments plaintiff sets forth primarily comprise of allegations he previously averred in his amended complaint, (Doc. 69 at 8; Doc. 96 at 1-2), which were thoroughly addressed in Judge Arbuckle's well-reasoned report and recommendations (Docs. 87, 88). As plaintiff has failed to show good cause as to why the matter should be reinstated or a coherent basis upon which to set aside judgment, the court will deny plaintiff's Motion to Reinstate Action, (Doc. 97), and Motion to Set Aside Judgment, (Doc. 95).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** the Clerk of the Court reopen the above-captioned case;

**(2)** Brown's motion to set aside judgment, (Doc. 95), is **DENIED**;

**(3)** Brown's motion to reinstate action, (Doc. 97), is **DENIED**;

**(4)** the Clerk of the Court close the above-captioned case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 22, 2021**
18-155-06